## 23878. VAN ORMER *v.* MOISE *et al.*

STEPHENS, J. 1. This is a suit wherein it is alleged in the petition that the plaintiff was a contractor and the defendants were trustees of a building fund, and that the contractor, who had a contract with the defendants for the erection and completion of a building, was, after partially performing the work, unable to go on and complete it, because of the inability and the failure of the trustees to comply with their obligations to pay when due the necessary payments and advances payable under the contract; that the contractor then, upon being urged by the trustees to complete the erection of the building for a proposed sum of money to be paid to the contractor for that purpose, refused to accept the proposition except on condition that the trustees would "reimburse the contractor for the loss and damage sustained by him caused by the trustees breaching the original contract" for the erection of the building, and that the trustees would be "willing to arbitrate to determine the amount of said loss," which in a communication from the contractor to the trustees was

stated to be the loss sustained by him due to the inability of the trustees to make payments when due under the contract; that the trustees thereupon notified the contractor that they would "arbitrate the damages to the contractor due to the inability of the [trustees] to finance to its completion" the building which the contractor had agreed to erect; that the contractor "relied on the promises and representations" of the trustees that they would arbitrate the damages to the contractor "due to the inability of said trustees to finance [the building] to its completion," and that the contractor, believing "said promises and representations to be true, . . entered into a written contract with the trustees" and "agreed to complete the erection of" the building for a sum of money designated, viz., $50,000, which was to be paid solely for the completion of the building, and which was afterwards paid to the contractor; that after the execution of this contract, and on the day before the completion of the erection of the building under this contract, the contractor, in response to a letter from the trustees requesting him to indicate the items of damage which he desired to have arbitrated, indicated that he had been damaged because of the failure of the trustees "to carry out their contract," the "reasons of damage" being "the question of what, if any, damage has been done to the party of the second part [i. e. the contractor], and, if any damage, the amount of such damage, arising out of the increased cost, if any, of the construction of said building . . because of failure of the parties of the first part [i. e. the trustees] to make promptly as due the payments called for under said contract to the party of the second part;" that the contractor then informed the trustees that the proposed written agreement for arbitration presented by the trustees "called for the arbitration only of the question of what, if any, damage, the amount of such damage arising out of the increased cost, if any, of the construction," of the building, whereas the trustees had "agreed to arbitrate the damages to the contractor due to the inability" of the trustees to "finance" the building "to completion;" that the trustees had failed to arbitrate as agreed, and that when they made the promises and representations to arbitrate they did not at the time intend to arbitrate, and when making the representations and promises to arbitrate, they represented to the contractor that "an intention by them to arbitrate did exist," and they knew that the contractor understood that such intention did exist, that the trustees at the time did not intend to arbitrate, and in representing and promising to arbitrate they "falsely represented this existing fact for the purpose of inducing" the contractor to execute the contract to complete the building; that the trustees knew that the contractor was induced to enter into this contract by the alleged false representation of the trustees that the differences referred to would be arbitrated; and that as a result of the alleged fraud by the trustees in inducing the contractor to enter into the new contract to complete the building, the contractor, in being bound to complete the building under the new contract, was damaged as follows: "cost to complete said building was $105,768.16; that by the terms of said contract plaintiff received $50,000.00 from the said trustees of the University of Georgia, and $9,176.99 from said War Memorial Fund or a total of $59,176.99 as payment; and that plaintiff was damaged $46,591.17 in this

manner by said contract, which plaintiff was induced to execute by the misrepresentation of said defendants." Plaintiff's damages are also generally alleged in the sum of $100,000.

2. It appears, therefore, from the allegations of the petition, that the contractor himself proposed to the trustees an arbitration only of such loss and damage as was sustained by him by reason of the trustees' "breaching the original contract" to erect the building, by failing to make payments when due under that contract, and that the response of the trustees to this proposal, which the contractor alleges as the basis of the alleged fraud,—that they would "arbitrate the damages to the contractor due to the inability of the [trustees] to finance [the building] to its completion," —when construed, as it should be, in connection with the contractor's proposal to arbitrate the loss and damage sustained by the contractor by reason of the trustee's "breaching of the contract" in failing to make payments due under the contract, necessarily had reference to the damage to the contractor arising out of the trustee's breach of the contract, and did not have reference to any damage that might arise under the subsequently made contract to complete the erection of the building. It also appears that the trustees, in making the alleged fraudulent representations and promises to arbitrate, agreed to arbitrate the loss or damage arising out of their breach of the original contract in a failure to make payments when due under that contract and thereby preventing the contractor from carrying on with the contract, and the trustees, in proposing afterwards in a written contract presented to the contractor, to arbitrate these same losses, consented to arbitrate under the terms proposed by the contractor, and therefore did not refuse to arbitrate, and any alleged representations which the trustees may have made to the contractor to arbitrate and which induced the contractor to enter into the new contract and complete the building were not false and fraudulent in that the trustees, when proposing to arbitrate as alleged, had no intention to arbitrate. • The petition therefore alleges no fraud and deceitful conduct on the part of the defendants, and therefore failed to set out a cause of action.

3. It further appears that since the contractual cost of completing the erection of the building under the second contract had been paid, there was no breach of this contract by the trustees, and therefore that the damages alleged which arise out of this contract are not recoverable. Since in an action for fraud only actual damages are recoverable, and since the only damages alleged and prayed for in the petition are special damages alleged to have been sustained by the plaintiff growing out of the second contract to complete the erection of the building, and these damages were not sustained, the petition was subject to the demurrer that it "sets forth no item of damage legally recoverable."

4. The court did not err in sustaining the demurrer.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

Decided March 2, 1935.

*George G. Finch,* for plaintiff.
*Colquitt, Parker, Troutman & Arkwright,* for defendants.